# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| CITY OF BREMERTON, | No.  58623-1-II |
| Appellant, | |
| v. | |
| ROCHELLE BRIGHT, | PUBLISHED OPINION |
| Respondent. | |

LEE, J. — The City of Bremerton (the City) appeals the superior court's order that reversed the municipal court's order denying Rochelle Bright's motion to vacate her conviction for driving while under the influence (DUI).  The parties disagree as to whether RCW 9.96.060(2) allows for a DUI conviction to be vacated.

We conclude that under the plain language of RCW 9.96.060(2)(d), DUI convictions cannot be vacated.  Therefore, we reverse the superior court and affirm the municipal court's order denying Bright's motion to vacate her DUI conviction.

## FACTS[1]

In September 2011, Rochelle Bright was convicted of DUI under RCW 46.61.502.  In 2022, Bright filed a motion to vacate her DUI conviction under RCW 9.96.060(2).  The municipal court denied Bright's motion to vacate her DUI conviction.  Bright appealed the municipal court's

---

[1]  The facts for this case are undisputed.  The majority of the background facts come from motions and briefs filed; neither party contests the facts on appeal.

order to the superior court. The superior court reversed the order and remanded to the municipal court for further consideration.

The City filed a motion for discretionary review, which was granted. On review, the parties agree that "Bright has completed the terms of her sentence, has no criminal charges pending against her, and has gone more than ten years since her arrest without any 'subsequent alcohol or drug violation.'" Clerk's Papers at 36.

## ANALYSIS

The City argues that the municipal court should be affirmed because RCW 9.96.060(2)(d) precludes the vacation of a DUI conviction. Bright argues that the superior court correctly reversed the municipal court because RCW 9.96.060(2)(d) allows a DUI conviction to be vacated if it has been 10 years since the conviction without any subsequent drug or alcohol related offenses and the other statutory requirements are met. We agree with the City.

We review a district court decision under RALJ 9.1, performing the same function as the superior court. *State v. Ford*, 110 Wn.2d 827, 829, 755 P.2d 806 (1988).

RCW 9.96.060 governs the vacation of misdemeanor and gross misdemeanor convictions. RCW 9.96.060(2) provides:

> Every person convicted of a misdemeanor or gross misdemeanor offense may apply to the sentencing court for a vacation of the applicant's record of conviction for the offense. If the court finds the applicant meets the requirements of this subsection, the court may in its discretion vacate the record of conviction. Except as provided in subsections (3), (4), (5), and (6) of this section, an applicant may not have the record of conviction for a misdemeanor or gross misdemeanor offense vacated if any one of the following is present:
>     (a) The applicant has not completed all of the terms of the sentence for the offense, including satisfaction of financial obligations;

(b) There are any criminal charges against the applicant pending in any court of this state or another state, or in any federal or tribal court, at the time of application;

(c) The offense was a violent offense as defined in RCW 9.94A.030 or an attempt to commit a violent offense;

(d) The offense was a violation of RCW 46.61.502 (driving while under the influence), 46.61.504 (actual physical control while under the influence), 9.91.020 (operating a railroad, etc. while intoxicated), or the offense is considered a "prior offense" under RCW 46.61.5055 *and the applicant has had a subsequent alcohol or drug violation within 10 years of the date of arrest for the prior offense or less than 10 years has elapsed since the date of the arrest for the prior offense.*

(Emphasis added.)

Under RCW 46.61.5055(14)(a) a "prior offense" includes convictions under RCW 46.61.502 (DUI) and RCW 46.61.504 (actual physical control while under the influence), as well as a list of other drug and alcohol related violations such as reckless driving, vehicular assault, and negligent driving in the first degree. A violation of RCW 9.91.020 (operating a railroad, etc. while intoxicated) is not a prior offense under RCW 46.61.5055(14)(a).

We review questions of statutory interpretation de novo. *Nelson v. P.S.C., Inc.*, 2 Wn.3d 227, 233, 535 P.3d 418 (2023). Our objective in statutory interpretation is to ascertain and carry out the legislature's intent. *Royal Oaks Country Club v. Dep't of Revenue*, 2 Wn.3d 562, 568, 541 P.3d 336 (2024). "If the meaning of the statute is plain on its face, we give effect to that plain meaning as an expression of legislative intent." *Id*. Plain language is discerned from "the ordinary meaning of the language in the context of related statutory provisions, the entire statute, and related statutes." *Id*.

We will use traditional grammar rules to discern a statute's plain language. *State v. Bunker*, 169 Wn.2d 571, 578, 238 P.3d 487 (2010). Two such rules are relied on by the parties: the last antecedent rule and the series-qualifier rule. *PeaceHealth St. Joseph Med. Ctr. v. Dep't of*

3

*Revenue*, 196 Wn.2d 1, 8, 468 P.3d 1056 (2020). Under the last antecedent rule, only the words or phrases that immediate precede the qualifying words or phrases are modified. *Id*. Related to the last antecedent rule is the corollary principle that " 'the presence of a comma before the qualifying phrase is evidence the qualifier is intended to apply to all antecedents instead of only the immediately preceding one.'" *Bunker*, 169 Wn.2d at 578 (quoting *City of Spokane v. County of Spokane*, 158 Wn.2d 661, 673, 146 P.3d 893 (2006). Under the series-qualifier rule, "'when there is a straightforward, parallel construction that involves all nouns or verbs in a series, a prepositive or postpositive modifier normally applies to the entire series.'" *PeaceHealth,* 196 Wn.2d at 8-9 (quoting BLACK'S LAW DICTIONARY 1642 (11th ed. 2019)).

Only when a statute is ambiguous do we turn to statutory construction, legislative history, and relevant case law to determine legislative intent. *Jametsky v. Olsen*, 179 Wn.2d 756, 762, 317 P.3d 1003 (2014). A statute is ambiguous if there is more than one reasonable interpretation of its plain meaning. *Id*.

Here, the parties disagree as to the effect of the final clause in RCW 9.96.060(2)(d). That clause states: "and the applicant has had a subsequent alcohol or drug violation within 10 years of the date of arrest for the *prior offense* or less than 10 years has elapsed since the date of the arrest for the *prior offense*." (10-year clause) RCW 9.96.060(2)(d) (emphasis added). The plain language of the 10-year clause, when read in context with the other provisions in section (2)(d), can only reasonably modify the phrase "the offense is considered a 'prior offense' under RCW 46.61.5055" because that phrase is the only phrase that uses the term "prior offense." The other phrases in RCW 9.96.060(2)(d) refer to violations of specific crimes ("a violation of RCW 46.61.502 (driving under the influence), 46.61.504 (actual physical control while under the influence), 9.91.020

4

(operating a railroad, etc. while intoxicated)"), not "prior offenses." It strains the plain language of the 10-year clause to apply it to modify the prior phrases that refer to violations rather than prior offenses.

Further, both RCW 46.61.502 and RCW 46.61.504 are listed as prior offenses in RCW 46.61.5055(14)(a).[2] RCW 46.61.5055(14)(a)(i), (ii). Thus, the interpretation that the 10-year clause applies to all phrases listed in RCW 9.96.060(2)(d) would render the separate listing of RCW 46.61.502 and RCW 46.61.504 superfluous and meaningless. Courts are to assume that the legislature explicitly intends to give every phrase meaning. *State v. Evergreen Freedom Found.*, 1 Wn. App. 2d 288, 299, 404 P.3d 618 (2017), *aff'd*, 192 Wn.2d 782, 432 P.3d 805 (2019). Therefore, the interpretation that the 10-year clause applies to all phrases (i.e., a violation of RCW 46.61.502 (driving while under the influence), 46.61.504 (actual physical control while under the influence), 9.91.020 (operating a railroad, etc. while intoxicated) or the offense is considered a "prior offense" under RCW 46.61.5055)) is not reasonable.

This plain language interpretation is supported by the last antecedent rule. There is no comma before the 10-year clause. Therefore, following the last antecedent rule and its corollary principle, the absence of a comma supports the interpretation that the 10-year clause modifies only the last clause relating to a prior offense under RCW 46.61.5055.

Bright argues that a plain language analysis requires the application of the "series-qualifier rule," and therefore, the 10-year clause must apply to every prior phrase in RCW 9.96.060(2)(d). However, as noted above, that rule applies only "'when there is a straightforward, parallel

---

[2] A violation of RCW 9.91.020 (operating a railroad, etc. while intoxicated) is not a prior offense under RCW 46.61.5055(14)(a).

construction that involves all nouns or verbs in a series.'" *PeaceHealth*, 196 Wn.2d at 8 (quoting BLACK'S LAW DICTIONARY at 1642). For the reasons explained above, there is not a "straightforward, parallel construction" that applies the plain language of the 10-year clause to all the phrases in RCW 9.96.060(2)(d) because the only phrase that includes "prior offense" is the phrase "the offense is considered a 'prior offense' under RCW 46.61.5055." RCW 9.96.060(2)(d).

Similarly, we are not persuaded by the superior court's interpretation of the statute. The superior court agreed that the 10-year clause only applied to the phrase "the offense is considered a 'prior offense' under RCW 46.61.5055," but the superior court concluded that because violations of RCW 46.61.502 (DUI) and RCW 46.61.504 (physical control) are also defined as prior offenses under RCW 46.61.5055(14)(a), those convictions could be vacated if the requirements of the 10-year clause were satisfied. Under the superior court's interpretation, the legislature's specific reference to RCW 46.61.502 (DUI) and RCW 46.61.504 (physical control) are rendered superfluous because they are subsumed into the phrase "the offense is considered a 'prior offense' under RCW 46.61.5055." However, we must give meaning to all the terms in RCW 9.96.060(2)(d) by interpreting the reference to violations of RCW 46.61.502 (DUI) and RCW 46.61.504 (physical control) to be independent of the reference to "the offense is considered a 'prior offense' under RCW 46.61.5055," which includes many offenses other than RCW 46.61.502 (DUI) and RCW 46.1.504 (physical control).

Finally, Bright argues that the rule of lenity must be applied in interpreting the statutory language in favor of vacating her DUI conviction. But we will not resort to applying the rule of lenity unless all other avenues of statutory interpretation have been applied and the statute is still ambiguous. *State v. Evans*, 177 Wn.2d 186, 206, 298 P.3d 724 (2013). Because there is no

ambiguity in the plain language of the statute, we need not resort to other rules of statutory construction to resolve any ambiguity. Therefore, the rule of lenity does not apply.

The only reasonable interpretation of the plain language of RCW 9.96.060(2)(d) is that vacation of a misdemeanor or gross misdemeanor conviction is prohibited if the conviction is either (1) a violation of RCW 46.61.502 (DUI), RCW 46.61.504 (physical control), and RCW 9.91.020 (operating a railroad, etc. while intoxicated); or (2) the offense is considered a "prior offense" under RCW 46.61.5055 (other than offenses in violation of RCW 46.61.502 or RCW 46.61.504) and the applicant has had a subsequent alcohol or drug violation within 10 years of the date of arrest for the prior offense or less than 10 years has elapsed since the date of the arrest for the prior offense. Therefore, under the plain language of RCW 9.96.060(2)(d), Bright is not entitled to a vacation of her DUI conviction.[3]

---

[3] This plain language interpretation of the statutory language is consistent with the legislative history of the statute, which has consistently restricted, rather than expanded, an applicant's ability to vacate alcohol and drug related driving convictions. *See* LAWS OF 2012, ch. 183, § 5 (adding the prior offense language in a bill titled "an act relating to increasing accountability of persons who drive impaired" (Capitalization omitted.); LAWS OF 2017, ch. 336, § 2 (requiring at least 10 years to elapse before any conviction defined as a prior offense may be vacated).

No. 58623-1-II

CONCLUSION

We hold that RCW 9.96.060(2)(d) precludes the vacation of a DUI conviction under RCW 46.61.502. Therefore, we reverse the superior court and affirm the municipal court's order denying Bright's motion to vacate her DUI conviction.

Lee, J.

We concur:

Maxa, P.J.

Price, J.

8